Richard B. Murphy
**HOLDEN WILLITS MURPHY PLC**
Two North Central Avenue Ste 1700
Phoenix AZ 85004-2396
(602) 508-6210 - Telephone
(602) 508-6211 - Facsimile
Email: RMurphy@holdenwillits.com

R. Gibson Pagter, Jr.
California State Bar No. 116450
**PAGTER AND MILLER**
525 N. Cabrillo Park Drive, Suite 104
Santa Ana, CA 92701
(714) 541-6072 - Telephone
(714) 541-6897 - Facsimile
Email: Gibson@pagterandmiller.com

Attorneys for American Contractors Indemnity Company

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| MARIA ANN CANTU, aka MARIA ANN KONIECZKO-CANTU, | Case No. 2:08-bk-04900-CGC |
| Debtor. | Adversary No. 2:08-ap-00403-CGC |
| _____ | **MOTION FOR SUMMARY JUDGMENT ON ACIC'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. 523(A)(4)** |
| AMERICAN CONTRACTORS INDEMNITY COMPANY, | |
| Movant/Plaintiff(s) | |
| v. | |
| MARIA ANN CANTU aka MARIA ANN KONIECZKO-CANTU, | |
| Respondent/Defendant(s) | |

1

Pursuant to Rule 56, F.R.Civ.P., Rule 7056, F.R.B.P; and Local Rule 9013-1(g), Plaintiff/Movant American Contractors Indemnity Company ("ACIC") hereby files its Motion for Summary Judgment against Debtor/Defendant Maria Konieczko, also known as Maria Konieczko-Cantu ("Maria"). This Motion is made on the grounds that there are no genuine issues of material facts and ACIC is entitled to summary judgment and an order thereon finding that a Judgment of Surcharge entered against Maria and in favor of ACIC by the Arizona Superior Court In and For Maricopa County is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) as a matter of law as a result of ACIC's payment of the bond issued in connection with Maria's appointment as a guardian and conservator. This Motion is supported by the following Memorandum of Law and the separately filed Statement of Facts and the exhibits attached thereto, as well as the entire record in this proceeding.

**SUMMARY OF FACTS**

1. On or about April 1, 2005 and August 19, 2005, Maria, along with her mother Chol Su Konieczko, was appointed as temporary and then permanent guardian and conservator of Jozef Konieczko in Maricopa County Superior Court Case No. PB2005-090539 (the "Probate Case"). Mr. Konieczko, now deceased, was her father. (*See*, paragraph 1 of ACIC's Separate Statement of Facts concurrently filed herewith (hereinafter "SOF").)

2. As a condition of the April 1, 2005 temporary appointment, Maria and her mother were required to post a bond in the amount of $92,000. ACIC issued the bond, which was filed on or about July 7, 2005. (The bond carried oer to the permanent appointment.) In connection with the bond Maria and her mother executed an indemnity agreement whereby they

2

agreed to indemnify ACIC from "…all loss, contingent loss, liability and contingent liability, claim, expense, including attorneys' fees, for which [ACIC] shall become liable…" (SOF, ¶2.)

3. On or about June 1, 2007, Hearthstone of Sun City, LLC ("Hearthstone"), a creditor of the conservatee, filed an emergency verified petition for removal of Maria and her mother and appointment of a successor conservator. Hearthstone's petition alleged that Jozef Konieczko qualified for Arizona Long Term Care System ("ALTCS") benefits, but that Maria and her mother were not taking the necessary and required actions to qualify him for the plan. Hearthstone alleged that it provided room, board, nursing care and services for Mr. Konieczko and that his Estate was responsible for those payments. Hearthstone alleged that the conservators were informed that unless they liquidated and spent down Mr. Konieczko's Vanguard 401(k) account, he would not re-qualify for ALTCS benefits. (SOF, ¶ 3.)

4. Despite demand and instructions, Maria and her mother failed to liquidate and spend down the account. In fact, on or about May 16, 2007, they received approximately $74,000 from Mr. Konieczko's Vanguard 401(k) account. However, they refused to pay any of those funds to Hearthstone. (SOF, ¶ 4.)

5. Further, Maria and her mother did not comply with ATLCS requirements to complete the application process. As long as they failed to do so, Mr. Konieczko would be ineligible for the benefits and have no payor source for his ongoing care and maintenance expenses. (SOF, ¶ 5.)

6. The Petition also alleged that the conservators had demonstrated a significant disregard for their conservatorship duties, had repeatedly failed to provide the court with an appropriate accounting, failed to provide the required verification and documentation to qualify

3

for ATLCS benefits for Mr. Konieczko, and to properly manage Mr. Konieczko's resources. (SOF, ¶ 6.)

7. On or about August 2, 2007, as a result of the petition and the evidence presented at the hearing, Maria and her mother were removed as conservators and Southwest Fiduciary was appointed as the successor conservator. (SOF, ¶ 7.)

8. On or about January 9, 2008, Hearthstone brought a civil complaint against Maria, her mother and ACIC in Maricopa County Superior Court Case No. CV 2008-00793 (the "Hearthstone Case"). The Complaint alleged that the conservators failed to spend and pay down Jozef Konieczko's Vanguard 401(k) resources so that he could qualify for ALTCS benefits. It further alleged that Maria and her mother were aware that they needed to spend these resources but willfully failed to do so. (SOF, ¶ 8.)

9. The Complaint also alleged that Maria and her mother failed to meet the standards of care established for conservators in A.R.S. §§ 14-5417 and 14-7303 by failing to properly administer the Estate's assets and to properly procure public assistance through ALTCS. As a result, Hearthstone alleged that Maria and her mother breached the conditions of the fiduciary bond issued by ACIC. (SOF, ¶ 9.)

10. The Complaint alleged that Hearthstone was owed in excess of $183,000 for care provided to Jozef Konieczko. The Complaint further alleged a right to recover the full penal sum of the bond as a result of the conservators' alleged breaches of duty to the conservatee and its damages arising therefrom. (SOF, ¶ 10.)

11. The court held a hearing on March 24, 2008. After hearing testimony, the court granted judgment in favor of Hearthstone against Konieczko. (SOF, ¶ 11.)

4

12. The judgment found that Maria and her mother were negligent and in breach of their duties and the administration of the Estate; that they breached their duty by failing to properly administer Jozef Konieczko's assets, and timely and properly maintain public assistance benefits through ALTCS by failing to liquidate and spend down the Estate's assets to allow financial eligibility; that Hearthstone was an interested party and thus entitled to bring the action against defendant ACIC based on Konieczko's breach of the terms of the conservator bond; that the amount owed to Hearthstone exceeded the $92,000 bond amount; and that Hearthstone was entitled to judgment against Konieczko in the amount of the bond. (SOF, ¶ 12.)

13. As a result of the judgment, ACIC agreed to pay Hearthstone the $92,000 penal sum of the bond upon probate court approval. ACIC petitioned the probate court for approval of the settlement and payment. The probate court subsequently ordered ACIC to pay over the full penal sum of the bond by depositing the amount of $92,000 with the Maricopa County Clerk of the Court. ACIC made the deposit on September 2, 2008. On October 6, 2008, the Court determined that Hearthstone was entitled to the full proceeds of the bond and the Clerk paid the entire penal sum of $92,000 to Hearthstone. (SOF, ¶ 13.)

14. On April 29, 2008, Maria filed her Chapter 7 petition for bankruptcy, in the United States Bankruptcy Court, District of Arizona, Case No. 2:08-BK-04900. On June 12, 2008 ACIC filed its Adversary Complaint in this proceeding, seeking to avoid a discharge of Maria's debt to ACIC under the indemnity agreement and as a result of ACIC's payment of the penal sum of the bond. ACIC's Complaint objected to the discharge on the ground that the

bankruptcy code excludes from discharge any debt for defalcations while acting in a fiduciary capacity. 11 U.S.C. §523(a) (4). (SOF, ¶ 14.)

15. On August 4, 2008 ACIC filed its Motion for Relief from Automatic Stay in order to proceed in probate court to establish the factual requisites for non-dischargeability. The Court granted the Motion in its Order dated March 4, 2009. (SOF, ¶ 15.)

16. On March 25, 2009, ACIC filed its Petition/Complaint for Surcharge and/or Judgment against Konieczko in the Probate Case. (SOF, ¶ 16.)

17. Maria and her mother filed their Answer on April 27, 2009. In their Answer, they admitted that Hearthstone obtained a judgment against them, finding that (1) they were negligent and in breach of their duties and the administration of the Estate; (2) that they breached their duty by failing to properly administer Jozef Konieczko's assets and timely and properly maintain public assistance benefits through ALTCS by failing to liquidate and spend down the estate's assets to allow financial eligibility; (3) that Hearthstone was an interested party and thus entitled to bring the action against defendant ACIC based on Maria and her mother's collective breach of the terms of the conservator bond; (4) that the amount owed to Hearthstone exceeded the $92,000 bond amount; and (5) that Hearthstone was entitled to judgment against Konieczko in the amount of the $92,000 bond. (SOF, ¶ 17.)

18. On June 15, 2009 ACIC filed its Motion for Summary Judgment and Statement of Facts in support thereof on its Petition/Complaint for Surcharge in the Probate Case. (There are 10 exhibits attached to the Statement of Facts.) (SOF, ¶ 18.)

19. On July 10, 2009 Maria and her mother filed their response to ACIC's Motion. (SOF, ¶ 19.)

20. On July 27, 2009 ACIC filed its Reply in Support of Motion for Summary Judgment. (SOF, ¶ 20.)

21. On August 3, 2009 the probate court entered its minute entry finding in favor of ACIC and granting its Motion for Summary Judgment. (SOF, ¶ 21.)

22. On September 18, 2009 the probate court entered its final Judgment of Surcharge against Maria and her mother. The Judgment, states, in pertinent part, as follows:

- That the acts [described in the Judgment] constitute defalcations while acting in a fiduciary capacity by Maria and Chol Su, jointly and severally.

- That the defalcations were intentional.

- That the defalcations were wrongful.

- That the defalcations constituted misconduct.

- That as a result of these defalcations ACIC was damaged in the amount of $92,000.

- That ACIC … is awarded judgment against Maria Konieczko… and Chol Su Konieczko, jointly and severally, in the amount of $92,000 plus interest thereon at the legal rate of 10% from September 2, 2008 until paid.

- That the debt represented by this Judgment is for defalcations committed by Maria Konieczko…while acting in a fiduciary capacity.

(SOF, ¶ 22.)

23. The probate court's Judgment is final pursuant to Rule 54, Arizona Rules of Civil Procedure. (SOF, ¶ 23.)

24. Under Rule 59(d), Arizona Rules of Civil Procedure, a motion for new trial (reconsideration) must be filed "not later than 15 days after entry of judgment." The deadline (October 3, 2009) has passed and Maria has not filed a motion for new trial. (SOF, ¶ 24.)

*25.* Under Rule 9(a), Arizona Rules of Civil Appellate Procedure, a notice of appeal must be filed "… not later than 30 days after the entry of judgment from which the appeal is taken…" The deadline (October 18, 2009) has passed and Maria has not filed a notice of appeal with the Arizona Court of Appeals. (SOF, ¶ 25.)

## MEMORANDUM OF LAW

**I. MOTION FOR SUMMARY JUDMGENT STANDARDS**

"A party seeking to recover on a claim ... may at any time, after the expiration of 20 days from commencement of the action... move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Bankruptcy Rule 7056(a). ACIC filed its Petition/Complaint in this adversary proceeding on March 25, 2009. The filing of this Motion is more than 20 days later, thereby satisfying the first prong of Rule 7056 (a).

A plaintiff/movant bears the initial burden to show that no material issue of fact exists. However, once a plaintiff demonstrates from the record there are no genuine issues of material fact, the burden of proof shifts to the party opposing summary judgment to establish that questions of fact exist. Any doubt as to the existence of genuine issues of fact will be resolved against the moving party. *See, Collier on Bankruptcy*, 15th Ed. Revised Vol. 10, pg. 7056-7.

In *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) the Supreme Court found that preponderance of the evidence is the standard of proof in an action to determine dischargeability of debt pursuant to 11 U.S.C. §523(a).

8

## II. COLLATERAL ESTOPPEL

### A. ACIC's Judgment of Surcharge in the Probate Case is *Res Judicata* as Between ACIC and Debtor/Defendant.

In *Grogan*, the Supreme Court held that the doctrine of collateral estoppel applies to non-dischargeability matters. 498 U.S. at 285, 111 S.Ct. at 658, fn. 11. "In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law." *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994).

It is well-established in Arizona that a judgment is *res judicata* between the parties and their privities. *State ex rel. Lassen v. Self-Realization Fellowship Church,* 21 Ariz.App. 233, 517 P.2d 1280 (App. 1974)("It is the uncontradicted rule in Arizona that a judgment is not only r*es judicata* as to every issue decided therein, but is also *res judicata* as to any issue raised by the record"); s*ee also, Taylor v. Betts*, 59 Ariz. 172, 124 P.2d 764 (1942); *Miller v. Kearnes*, 45 Ariz. 548, 46 P.2d 638 (1935).

ACIC's Judgment of Surcharge conclusively established that Maria breached her fiduciary duties while serving as a conservator of her father. The Judgment further conclusively established that ACIC suffered damages as a result of those same duties. The Judgment of Surcharge is therefore *res judicata* as to the issue of Maria's liability to ACIC under Arizona law. As such, the Judgment of Surcharge is not subject to attack in this adversary proceeding.

### B. Other Rulings Against Debtor/Defendant are *Res Judicata* as between Her and ACIC

The Court is advised that there are three other state court rulings against Maria, each of which also serves as *res judicata* as between Maria and ACIC.

#### 1. The Probate Court Order Removing Maria as Conservator.

The first ruling was in the Probate Case, on Hearthstone's petition to remove Maria and her mother as conservators. The basis for that motion was their failure to take the necessary and required actions to qualify the ward for ALTCS benefits, to which he was

9

entitled and to properly manage the Estate's resources. After hearing evidence, the Court concluded that these allegations were true and removed them as conservators. Maria and her mother did not challenge this ruling.

## 2. **The Superior Court's Judgment in Favor of Hearthstone.**

The second ruling was in the Hearthstone civil case. There the court found that Maria and her mother breached their duty by failing to properly administer Josef Konieczko's assets and timely and properly maintain public assistance benefits through the Arizona Long Term Care System ("ALTCS") by failing to liquidate and spend down the estate assets to allow financial eligibility. The Judgment further found that they were in breach of their duties in the administration of the Estate and that Hearthstone was an interested party entitled to bring its claims for their breach that resulted in damages to Hearthstone. The superior court entered judgment in favor of Hearthstone and against Maria and her mother.

ACIC eventually succeeded to the benefits of the superior court judgment to the extent of the $92,000 that it paid to Hearthstone. A.R.S. § 12-1643 provides:

> when a person who is surety on an undertaking is compelled to pay a judgment or part thereof, or makes a payment upon a judgment by reason of suretyship, such judgment shall not be discharged by such payment but shall remain in force for the use of the surety and shall be considered assigned to the surety together with all rights of the creditor thereunder to the extent of the payment made by the surety, and interest thereon.

This is the common law rule as well. 74 Am. Jur.2d *Suretyship*, § 171. Thus, ACIC acceded to the finding in favor of Hearthstone by virtue of subsequent proceedings and ACIC's eventual payment of the bond amount.

10

### 3. The Probate Court's Order Awarding the Bond Amount to Hearthstone.

Finally, the probate court awarded the full amount of the bond to Hearthstone. In making this finding the probate court found that the bond was meant to protect anyone harmed by the wrongful actions of the conservator. It further found that Hearthstone had a judicial finding that the previous co-conservators breached their fiduciary duty and had a judgment to that effect. As a result, and after notice and petition, the probate court ordered that the bond be paid to Hearthstone.

### C. These Other Rulings are Also *Res Judicata* as Between Maria and ACIC.

Each of these rulings is *res judicata*. Restatement 2d § 31 of Judgment provides:

> A determination of a person's status in an action other than one whose purpose is to determine or change that status is conclusive upon the parties to the action, in accordance with the rules of issue preclusion, except in a subsequent action whose purpose is to determine or change the status in question.

Maria was a party in the Probate Case matter and Hearthstone's efforts to remove her and her mother. She contested it, but the probate court removed her as conservator. Neither Maria nor her mother challenged the probate court's ruling. The probate court's ruling is therefore final and *res judicata* as to her defalcations in her fiduciary duties.

The superior court's rulings in favor of Hearthstone and against Maria are also *res judicata*. Maria was still a party to the Probate Case and a party to Hearthstone's superior court action.

Maria was also served with the petition made to the probate court, and the assorted filings regarding the proposed payment of the bond proceeds. By order of the probate

11

court, ACIC deposited the funds with the Clerk of the Court. Thus, the ruling of the probate court determined the status of the entitlement to payment and the possession of a *res*. The probate action was an *in rem* proceeding. *Estate of Walton* 164 Ariz. 498, 794 P.2d 131 (1990). The probate court's decision with respect to the bond payment was *in rem,* and thus binding on parties who even had no notice of the determination. Of course, Maria had notice. The ruling is binding on her.

### D. Maria Cannot Avoid the Effect of *Res Judicata* Through Bankruptcy.

The Judgment of Surcharge and other rulings conclusively establish that Maria committed defalcations while acting in a fiduciary capacity as conservator of her father. The rulings are not subject to attack under the doctrine of *res judicata*. The only issue as between these parties is whether or not the Judgment of Surcharge is dischargeable under the U.S. Bankruptcy Code. As described more fully below, it is not.

## III. ACIC'S JUDGMENT OF SURCHARGE IS NON-DISCHAREGABLE UNDER 11 U.S.C. § 523(a)(4).

In order to avoid a discharge of the Judgment of Surcharge, ACIC must prove (1) that Maria was a fiduciary within the meaning of 11 U.S.C. § 523(a)(4), and (2) that her conduct constituted a defalcation under the same statute. As discussed below, ACIC meets both tests. As such, the Judgment of Surcharge is non-dischargeable.

### A. Maria Was a Fiduciary Within the Meaning of 11 U.S.C. § 523(a)(4).

Title 11 U.S.C. § 523(a)(4) provides as follows:

> (a) A discharge under section 727…. Does not discharge an individual debtor from any debt –

12

> (4) for fraud or defalcation while acting in a
> fiduciary capacity…

"Whether a particular relationship involves a fiduciary capacity under 11 U.S.C. §523(a)(4) is a question of federal law." *In Re Starzer*, 331 B.R. 444, 446 (Bankr. E.D. Cal. 2005)(citation omitted). "A fiduciary relationship imposed by statute may cause a person to be considered a fiduciary under 11 U.S.C. § 523(a)(4)… if the [subject] statute (1) defines the trust res; (2) identifies the fiduciary's fund management duties; and (3) imposes obligations on the fiduciary prior to the alleged wrongdoing." *Id*.

Arizona law expressly states that a conservator is a fiduciary. A.R.S. § 14-5417. As such, it is fiduciary relationship imposed by statute. As for the three part test, Arizona's probate code defines the trust res as the assets and property owned by the protected person. *See*, *e.g*., A.R.S. §§ 14-5418, 5419, and 5424. Second, the probate code identifies a conservator's duties, including the preparation and filing of an inventory of assets of the protected person, and the preparation and filing of an accounting of the administration of the estate, among other things. *See, e.g*., A.R.S. §§ 14-5418, 5419, 5424, 5425. Third, these obligations are imposed on a conservator upon appointment. A.R.S. § 14-5413.

The three-pronged test restated in *Starzer* has been met here. Arizona law defines both the trust res of a protected person and the conservator's duties with respect thereto. And Arizona law imposed on Maria certain obligations with respect to her father as a protected person prior to her breach of those obligations. As a conservator of her father, a fiduciary relationship existed within the meaning of federal law.

13

### B. Maria's Conduct As a Fiduciary Constitutes a Defalcation under 11 U.S.C. § 523(a)(4).

A defalcation is broadly defined under 11 U.S.C. § 523(a)(4):

> A defalcation is a failure of a party to account for money or property that has been entrusted to them. [Citation omitted.] In the context of section 523(a)(4), the term 'defalcation' includes innocent, as well as intentional or negligent defaults so as to reach the conduct of all fiduciaries who were short in their accounts."

*Starzer*, 331 B.R. at 447-48 (citation omitted).

The Judgment of Surcharge as well as the other rulings all established that Maria breached her fiduciary duties while acting in the capacity of conservator. She failed to spend down a 401k account, which, by doing so, would have triggered benefits to pay for Mr. Konieczko's care. By failing to do so, Hearthstone was forced to care for him without compensation. Hearthstone then made a claim against the bond, which the probate court ordered be paid. In short, her breaches all involved assets of the conservatee/Estate and caused damage, first to Hearthstone, then to ACIC. The Judgment of Surcharge compensates ACIC (or will compensate if ever collected upon) for its damages it incurred as a result of her defalcations. Such defalcations fall well within the broad definition of the same under 11 U.S.C. § 523(a)(4).

### IV. CONCLUSION

For the foregoing reasons, the Court should conclude that Maria's conduct that resulted in a Judgment of Surcharge constituted a defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4). As such, ACIC respectfully requests the Court to grant its Motion, finding that the Judgment of Surcharge is not subject to discharge under the fraud and defalcation exception of 11 U.S.C. U.S.C. § 523(a)(4).

14

G:\Docs\ACIC\Konieczko\Bankruptcy\Adversary Proceedings\Legals\MSJ.doc
Case 2:08-bk-04900-CGC    Doc 49    Filed 10/20/09    Entered 10/20/09 11:23:21    Desc
Main Document    Page 14 of 15

| | | |
|---|---|---|
| 1 | Date: October 20, 2009 | HOLDEN WILLITS MURPHY PLC |
| 2 | | |
| 3 | | By:/s/ Richard B. Murphy |
| 4 | | Richard B. Murphy, Esq.<br>Attorneys for ACIC |

COPY of the foregoing mailed this
20th day of October, 2009, to:

Maria Ann Konieczko-Cantu
14703 West Parkwood Drive
Surprise, AZ 85374

Joseph W. Charles, Esq.
Joseph W. Charles P.C.
5704 West Palmaire Avenue
Glendale, AZ 85311

Diane M. Mann
P.O. Box 12970
Scottsdale, AZ 85267
Chapter 7 Trustee

U.S. Trustee
Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003


/s/Iva Hazley

15